**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES HASKELL,<br><br>Plaintiff,<br><br>v.<br><br>LIV GOLF INC.,<br><br>Defendant. | Case No. 1:26-CV-11787 |

**DEFENDANT LIV GOLF INC.'S ANSWER TO PLAINTIFF JAMES HASKELL'S COMPLAINT**

Defendant LIV Golf Inc. hereby answers the complaint of plaintiff James Haskell as follows:

1. Paragraph 1 contains a statement of the case to which no response is required.

2. Paragraph 2 contains a statement of legislative history and law to which no response is required.

3. Paragraph 3 contains a statement of law to which no response is required.

4. Defendant admits that it is a professional golf tour and that it operates both the LIV Golf website (www.livgolf.com) and the LIV Golf iOS Application. Defendant admits that it has previously received financial support from Saudi Arabia's Public Investment Fund. Except as expressly admitted, defendant denies each and every allegation in paragraph 4.

5. Paragraph 5 cites to the LIV Golf website, which speaks for itself. To the extent a response is required, Defendant admits that it makes available certain pre-recorded and on-demand golf videos via its Website and iOS App, including videos in categories described as "Lessons," "Films," and "Past Seasons." Except as expressly admitted, defendant denies each and every allegation in paragraph 5.

6. Defendant denies the allegations in paragraph 6.

7. Paragraph 7 contains a statement of the case to which no response is required.

8. Paragraph 8 contains statements of legislative history and background to which no response is required.

9. Paragraph 9 contains statements of legislative history to which no response is required.

10. Paragraph 10 quotes from a judicial decision, which speaks for itself.

11. Paragraph 11 contains a statement of law to which no response is required.

12. Paragraph 12 contains a statement of law to which no response is required.

13. Paragraph 13 contains a statement of law to which no response is required.

14. Defendant admits the allegations in paragraph 14.

15. Paragraph 15 cites to the LIV Golf website, which speaks for itself. To the extent a response is required, Defendant admits that it makes available certain pre-recorded and on-demand golf videos via its Website and iOS App, including videos in categories described as "Lessons," "Films," and "Past Seasons." Except as expressly admitted, defendant denies each and every allegation in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

17. Paragraph 17 cites to the LIV Golf website, which speaks for itself. To the extent a response is required, Defendant admits that it offers a loyalty and rewards program called LIV X. Except as expressly admitted, defendant denies each and every allegation in paragraph 17.

18. Paragraph 18 cites to the LIV Golf website, which speaks for itself. To the extent a response is required, Defendant admits that it offers a paid subscription called the "LIV Golf Annual Pass" at a price of $59.99 annually. Except as expressly admitted, defendant denies each and every allegation in paragraph 18.

19. Defendant admits that users who create a LIV Golf account are asked to provide their email address and country of residence at the time of creation. Defendant admits that users may elect to create an account by continuing with Google or Apple. Users are not required to create an account in order to use the LIV Golf website or iOS application. Defendant lacks sufficient knowledge or information to admit or deny the allegations regarding what is required by Google or Apple when a user continues with a Google or Apple account and, on that basis, denies those allegations. Except as expressly admitted, defendant denies each and every allegation in paragraph 19.

20. Defendant admits that LIV Golf launched in 2021 and that the website and iOS application are used by users in the United States, including users in Massachusetts. Except as expressly admitted, defendant denies each and every allegation in paragraph 20.

21. Paragraph 21 quotes from LIV Golf press releases, which speaks for themselves. To the extent a response is required, defendant denies the allegations in paragraph 21 to the extent they are inconsistent with the cited press releases or purport to establish defendant's liability.

22. Defendant denies the allegation in paragraph 22 because it is inconsistent with the cited article, which states that the LIV Golf tournament was held in Bolton, Massachusetts.

23. Defendant admits that it has viewership in the United States, including Massachusetts. Except as expressly admitted, defendant denies each and every allegation in paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 regarding plaintiff's counsel's purported "dynamic analysis" and therefore denies them on that basis.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 regarding the testing conducted by plaintiff's counsel and therefore denies them on that basis.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding the analysis conducted by plaintiff's counsel and therefore denies them on that basis. Defendant further denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 regarding the analysis conducted by plaintiff's counsel and therefore denies them on that basis. Defendant further denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 27.

28. Paragraph 28 cites to sources which speaks for themselves. To the extent a response is required, defendant denies the allegations in paragraph 21 to the extent they are inconsistent with the cited sources or purport to establish defendant's liability. Defendant further denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 28.

29. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 29.

30. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 30.

31. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 31. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

32. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 32. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

33. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 33.

34. Paragraph 34 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding third-party Google's internal practices and therefore denies them on that basis.

35. Defendant denies that it enables Google Signals for the purpose of pairing users' identities and video-viewing information and therefore denies the allegations in paragraph 35. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

36. Paragraph 36 contains a cross-reference to which no response is required.

37. Paragraph 37 cites to sources speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding third-party Google's internal practices and therefore denies them on that basis. Defendant denies any characterization of its own practices in paragraph 37.

38. Defendant denies that it enables Google cookies for the purpose of pairing users' identities and video-viewing information and therefore denies the allegations in paragraph 38. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 39 regarding third-party Google's internal practices and therefore denies them on that basis. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

40. Defendant denies that it enables Google cookies for the purpose of pairing users' Google Account ID and video-viewing information and therefore denies the allegations in paragraph 40. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

41. Paragraph 41 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the "_Secure-3-PSID" cookie function and third-party Google's cookie technology and therefore denies them on that basis.

42. Paragraph 42 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the "_Secure-3-PSID" and "SID" cookie, or the analysis conducted by plaintiff's counsel and therefore denies them on that basis.

43. Paragraph 43 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding third-party Google's cookie naming conventions and therefore denies them on that basis.

44. Paragraph 44 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third-party Google's account creation requirements and therefore denies them on that basis.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them on that basis. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or plaintiff's own characterizations of those screenshots.

46. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 46.

47. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 47. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

48. Defendant denies that it discloses PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 48.

49. Paragraph 49 cites to sources which speak for themselves. To the extent a response is required, defendant denies that it enables Google Signals for the purpose of pairing users' identities and video-viewing information and therefore denies the allegations in paragraph 49.

50. Paragraph 50 contains a cross-reference to which no response is required.

51. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 51.

52. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 52.

53. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 53.

54. Defendant further denies that it creates a login token on behalf of the user. Paragraph 54 cites to sources which speak for themselves. To the extent a responsive is required, defendant denies the allegations in paragraph 54 to the extent they purport to characterize defendant's practices or establish liability.

55. Paragraph 55 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 regarding Base64 and therefore denies them on that basis.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them on that basis.

57. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 57. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

58. Paragraph 58 contains statements of law and citations to judicial and non-judicial authority to which no response is required. To the extent a response is required, defendant denies the allegations in paragraph 58 to the extent they are inconsistent with the cited authority or purport to establish defendant's liability.

59. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 59. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

60. Paragraph 60 cites to sources which speak for themselves. To the extent a responsive is required, defendant denies the allegations in paragraph 60 to the extent they purport to characterize defendant's practices.

61. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 61. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

62. Defendant denies the allegations in paragraph 62. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

63. Defendant denies that is discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 63.

64. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 64. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

65. Defendant denies that it discloses users' PII, as defined by the VPPA, to third parties and on that basis denies the allegations in paragraph 65. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

66. Paragraph 66 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third-party ViewLift's definitions and practices and therefore denies them on that basis.

67. Paragraph 66 cites to sources which speak for themselves. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

68. Defendant denies the allegations in paragraph 68. To the extent plaintiff is relying on screenshots or technical data, those materials speak for themselves, and defendant denies the allegations to the extent they are inconsistent with those materials or purport to establish liability.

69. Defendant denies the allegations in paragraph 69.

70. Paragraph 70 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's services and therefore denies them on that basis.

71. Paragraph 71 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 71 and therefore denies them on that basis.

72. Paragraph 72 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's practices and therefore denies them on that basis.

73. Paragraph 73 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's reporting features and therefore denies them on that basis.

74. Paragraph 74 cites to sources which speaks for itself. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's practices and therefore denies them on that basis.

75. Paragraph 75 cites to sources which speak for itself. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's advertising integrations and therefore denies them on that basis. Defendant denies any characterization of its own practices in paragraph 75.

76. Paragraph 76 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's advertising integrations and therefore denies them on that basis. Defendant denies any characterization of its own practices in paragraph 76.

77. Paragraph 77 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's IP address practices and therefore denies them on that basis. Defendant denies any characterization of its own practices in paragraph 77.

78. Paragraph 78 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's machine learning features and therefore denies them on that basis.

79. Paragraph 79 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's analytics features and therefore denies them on that basis.

80. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them on that basis.

81. Paragraph 81 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's practices and therefore denies them on that basis.

82. Paragraph 82 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's services and therefore denies them on that basis.

83. Paragraph 83 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's remarketing capabilities and therefore denies them on that basis. To the extent a response is required, defendant denies any characterization of its own practices in paragraph 83.

84. Paragraph 84 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's remarketing practices and therefore denies them on that basis.

85. Paragraph 85 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a

belief about the truth of the allegations regarding third-party Google's analytics capabilities and therefore denies them on that basis. Defendant denies any characterization of its own practices in paragraph 85.

86. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them on that basis.

87. Paragraph 87 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party ViewLift's business model and therefore denies them on that basis.

88. Paragraph 88 cites to sources which speak for themselves. To the extent a response is required, defendant denies the allegations in paragraph 88 to the extent they purport to characterize defendant's relationship with or use of ViewLift.

89. Paragraph 89 cites to sources which speak for themselves. To the extent a response is required, defendant denies the allegations in paragraph 89 to the extent they purport to characterize defendant's practices.

90. Paragraph 90 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding SDK and API functionality and therefore denies them on that basis.

91. Paragraph 91 cites to sources which speak for themselves. To the extent a response is required, defendant denies the allegations in paragraph 91 to the extent they purport to characterize defendant's practices.

92. Paragraph 92 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party ViewLift's analytics and data gathering capabilities and therefore denies them on that basis. Defendant denies the allegations in paragraph 92 to the extent they purport to characterize defendant's practices.

93. Paragraph 93 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party ViewLift's analytics dashboard and therefore denies them on that basis. Defendant denies the allegations in paragraph 93 to the extent they purport to characterize defendant's practices.

94. Paragraph 94 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party ViewLift's analytics dashboard capabilities and therefore denies them on that basis. Defendant denies the allegations in paragraph 94 to the extent they purport to characterize defendant's practices.

95. Paragraph 95 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party ViewLift's SSAI capabilities and therefore denies them on that basis. Defendant denies the allegations in paragraph 95 to the extent they purport to characterize defendant's advertising practices.

96. Paragraph 96 cites to sources which speak for themselves. To the extent a response is required, defendant denies the allegations in paragraph 96 to the extent they purport to characterize defendant's practices.

97. Defendant denies the allegations in paragraph 97.

98. Paragraph 98 cites to judicial authority, which speaks for itself. To the extent a response is required as to the characterizations of defendant's knowledge or intent, defendant denies the allegations in paragraph 98.

99. Defendant admits that it has a Privacy Policy on its website, which speaks for itself. Defendant denies the allegations in paragraph 99 to the extent plaintiff's characterizations are inconsistent with the Privacy Policy or purport to establish liability under the VPPA. Defendant further denies that its Privacy Policy constitutes a "knowing" disclosure of personally identifiable information as defined by the VPPA.

Except as expressly admitted, defendant denies each and every allegation in paragraph 99.

100. Defendant admits that its Privacy Policy makes reference to Google Analytics and similar third-party services. Defendant's Privacy Policy speaks for itself. Defendant denies the allegations in paragraph 100 to the extent plaintiff's characterizations are inconsistent with the Privacy Policy or purport to establish liability under the VPPA. Except as expressly admitted, defendant denies each and every allegation in paragraph 100.

101. Defendant denies the allegations in paragraph 101.

102. Paragraph 102 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party Google's directions for implementing its services and therefore denies them on that basis.

103. Paragraph 103 cites to sources which speak for themselves. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party ViewLift's directions for implementing its services and therefore denies them on that basis.

104. Defendant denies the allegations in paragraph 104.

105. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 regarding plaintiff's place of residence and personal account creation at this time and therefore denies them on that basis.

106. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 regarding plaintiff's personal use of the Website and iOS App and therefore denies them on that basis.

107. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 regarding the timing and nature of plaintiff's personal video viewing activity and therefore denies them on that basis.

108. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 regarding plaintiff's personal Google account status and settings and therefore denies them on that basis.

109. Defendant denies the allegations in paragraph 109.

110. Defendant denies the allegations in paragraph 110.

111. Defendant denies the allegations in paragraph 111.

112. Defendant denies the allegations in paragraph 112.

113. Defendant denies the allegations in paragraph 113.

114. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 regarding plaintiff's domicile and citizenship and therefore denies them on that basis.

115. Defendant admits the allegations in paragraph 115.

116. Paragraph 12 contains a legal conclusion to which no response is required. To the extent a response is required, defendant denies that plaintiff has stated a viable claim under the VPPA that would confer federal question jurisdiction.

117. Paragraph 117 contains a legal conclusion to which no response is required. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of putative class members and the aggregate amount in controversy and therefore denies them on that basis.

118. Paragraph 118 contains a legal conclusion to which no response is required. To the extent a response is required, defendant denies that it collected or disseminated personally identifiable information as alleged, or that it targeted Massachusetts consumers with advertisements as alleged.

119. Paragraph 119 contains a legal conclusion to which no response is required. To the extent a response is required, defendant denies the factual allegations in paragraph 119.

120. Paragraph 120 contains legal conclusions and citation to judicial authority to which no response is required. To the extent a response is required, defendant denies the factual allegations in paragraph 120.

121. Paragraph 121 contains a legal conclusion to which no response is required.

122. Paragraph 122 contains a statement of the case to which no response is required. To the extent a response is required, defendant denies that plaintiff is entitled to represent any class or that any class should be certified.

123. Paragraph 123 contains a statement of the case to which no response is required.

124. Defendant denies the allegations in paragraph 124.

125. Defendant denies the allegations in paragraph 125.

a) Defendant denies the allegation in paragraph 125(a).

b) Defendant denies the allegation in paragraph 125(b).

c) Defendant denies the allegation in paragraph 125(c).

d) Defendant denies the allegation in paragraph 125(d).

126. Defendant denies the allegations in paragraph 126.

127. Defendant denies the allegations in paragraph 127.

128. Defendant denies the allegations in paragraph 128.

## CAUSES OF ACTION

## COUNT I

### Violation of the VPPA, 18 U.S.C. § 2710

129. Defendant incorporates by reference its prior responses as if fully set forth herein.

130. Defendant denies the allegations in paragraph 130, including the legal conclusion that defendant is a "video tape service provider" as defined by 18 U.S.C. § 2710(a)(4).

131. Defendant denies the allegations in paragraph 131, including the legal conclusion that plaintiff and the putative class members are "consumers" as defined by 18 U.S.C. § 2710(a)(1).

132. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 regarding plaintiff's or class members' personal video viewing activity and therefore denies them on that basis. Defendant denies that it disclosed any "personally identifiable information" as alleged.

133. Defendant denies the allegations in paragraph 133.

134. Defendant denies the allegations in paragraph 134, including the legal conclusion that any information allegedly disclosed constitutes "personally identifiable information" within the meaning of 18 U.S.C. § 2710(a)(3). The cited judicial authority speaks for itself.

135. Defendant denies the allegations in paragraph 135, including the legal conclusion that any disclosures constituted "knowing disclosures" of "personally identifiable information" within the meaning of 18 U.S.C. § 2710(b)(1). The cited judicial authority speaks for itself.

136. Defendant denies the allegation in paragraph 136.

137. Defendant denies the allegations in paragraph 137.

138. Paragraph 138 contains a statement of relief sought to which no response is required. To the extent a response is required, defendant denies that plaintiff or any putative class member is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in plaintiff's complaint, defendant asserts and alleges the following separate and additional affirmative defenses. By setting forth these defenses, defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to plaintiff.

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

1. Defendant alleges that the complaint, and each of the purported claims therein, fails to state facts sufficient to constitute a cause of action against it.

**SECOND AFFIRMATIVE DEFENSE**

**(LACHES)**

2. Defendant alleges that plaintiff is barred by the doctrine of laches from asserting all of the claims in the complaint in that plaintiff has unreasonably delayed bringing this action, and such delay has caused prejudice to Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

3. Defendant alleges that plaintiff's claims in the complaint are barred by the doctrines of collateral and/or equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

4. Defendant alleges that the claims in the complaint are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

**(CONSENT)**

5. Each purported claim in the complaint is barred because plaintiff acknowledged, consented to, or acquiesced in the alleged acts or omissions, if any, of defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

6. Defendant alleges that plaintiff's claims asserted in the complaint are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(STATUTES OF LIMITATION)**

7. Defendant alleges plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

**(JUSTIFICATION)**

8. Defendant alleges that plaintiff's claims are barred by the doctrine of justification.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

**(ABSTENTION)**

9. Defendant alleges that plaintiff's claims should be denied under the doctrine of equitable abstention.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

**(LACK OF ARTICLE III STANDING)**

10. Plaintiff lacks Article III standing to assert the claims alleged in the complaint because plaintiff has not suffered a concrete, particularized injury in fact that is fairly traceable to any conduct of defendant and redressable by a favorable decision.

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**

**(LACK OF STATUTORY STANDING)**

11. Plaintiff lacks statutory standing under the VPPA because plaintiff is not a "consumer" of defendant within the meaning of 18 U.S.C. § 2710(a)(1).

**<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

**(NOT A "VIDEO TAPE SERVICE PROVIDER")**

12. Defendant is not a "video tape service provider" within the meaning of 18 U.S.C. § 2710(a)(4) and therefore cannot be liable under the VPPA.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

**(NO PERSONALLY IDENTIFIABLE INFORMATION)**

13. The information alleged to have been disclosed by defendant does not constitute "personally identifiable information" within the meaning of 18 U.S.C. § 2710(a)(3) because such information does not identify, and is not reasonably and foreseeably likely to identify, any specific person as having requested or obtained specific video materials or services.

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

**(NO KNOWING DISCLOSURE)**

14. Defendant did not "knowingly" disclose any personally identifiable information within the meaning of the VPPA.

**<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**

**(ORDINARY COURSE OF BUSINESS)**

15. Any disclosures made by defendant were made in the "ordinary course of business" as that term is defined by 18 U.S.C. § 2710(a)(2) and therefore do not constitute actionable violations of the VPPA.

**<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

**(RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES)**

16. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses may be appropriate.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, defendant prays for judgment as follows:

1. Plaintiff take nothing by way of the complaint and that judgment be rendered in favor of defendants;

2. That defendant be awarded its costs of suit, including reasonable attorneys' fees to the extent allowable; and

3. That defendant be awarded such other and further relief as the Court may deem appropriate.

Dated: June 15, 2026

*/s/ Eva Yang*
Yi ("Eva") Yang (*Pro Hac Vice*)
Alexandra M. Perez (*Pro Hac Vice*)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
Tel: (213) 892-9200
Fax: (213) 892-9494
Email:
eva.yang@nortonrosefulbright.com
alexandra.perez@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Jason K. Fagelman (*Pro Hac Vice*)
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Tel: (214) 855-8120
Email:
jason.fagelman@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Andrew Skroback (BBO #567863)
1301 Avenue of the Americas,
New York, NY 10019
Tel: (212) 408-5540
Fax: (212) 318-3400
Email:
andrew.skroback@nortonrosefulbright.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on June 15, 2026, a copy of the foregoing was filed with the Court's electronic case filing system, thereby effecting service on all Counsel of Record.

*/s/ Eva Yang*
Yi ("Eva") Yang